**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ARDIS ROY MELTON,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:12-CV-1483-L-BH |
| | ) | |
| **TEXAS DEPARTMENT OF PUBLIC SAFETY,** | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed as frivolous.

**I. BACKGROUND**

On May 14, 2012, the plaintiff filed this *pro se* action against the Texas Department of Public Safety. Generally, he challenges the constitutionality of the requirement by the State of Texas that he pay a fee and obtain a driver's license to drive in Texas, as well as any resulting fines and citations for failure to do so. (*See* doc. 3 at 1, 3).

**II. PRELIMINARY SCREENING**

Because the plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly base-
> less, a category encompassing allegations that are fanciful, fantastic, and delusional.

> As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the plaintiff has failed to plead enough facts to state any plausible claim against the defendant. Moreover, the United States Supreme Court has long held that states have the right to regulate the use of state roads by requiring that drivers on those roads obtain driver's licenses, carry liability insurance, and pay taxes and fees, and that such regulation does not violate the federal constitution. *See Bell v. Burson*, 402 U.S. 535, 539 (1971) (stating that a statute barring the issuance of licenses to all motorists who did not carry liability insurance or who did not post security would not violate the Fourteenth Amendment); *Reitz v. Mealey,* 314 U.S. 33, 36 (1941) (noting the necessity of licensing laws as "a form of protection against damage to the public"), overruled on other grounds by *Perez v. Campbell*, 402 U.S. 637, 652 (1971); *Ex parte Poresky*, 290 U.S. 30, 32 (1933) (noting decisions bearing upon the constitutional authority of the state to enact statute requiring compulsory automobile liability insurance for issuance of vehicle registration and license plates). Plaintiff's complaint should be dismissed as frivolous for failure to state a claim.

### III. RECOMMENDATION

This case should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 16th day of May, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE